**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Special Agent Adam Rayho, being duly sworn, state under oath:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with Homeland Security Investigations (**HSI**) assigned to the Boston Field Office and have been employed by HSI since May 2023. My primary responsibility is as a criminal investigator assigned to the Cyber Crimes Group. As a member of the Cyber Crimes Group, I am responsible for conducting investigations involving crimes that have a nexus to the clearnet or dark web. Prior to becoming a Special Agent, I was a detective with the Nashua, New Hampshire Police Department, and a deputized task force officer for HSI. I became a certified police officer in the State of New Hampshire in May 2014 after graduating from the 164th New Hampshire Police Standards and Training Academy. I hold a bachelor's degree in criminal justice, with a minor in computer science and victimology, from Endicott College. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

2.      During my career, I have participated in investigations involving the illegal manufacturing, smuggling, and distribution of contraband, to include firearms. I have participated in aspects of firearms investigations relevant to the trafficking of firearms and possession of firearms by prohibited persons.

3.      I submit this affidavit in support of a criminal complaint charging Cory **DAIGLE** (YOB 1994) of Revere, Massachusetts for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (the **Subject Offense**).

4.      The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including

other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

5.    Because this affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every fact known to me or other law enforcement officers involved in this investigation.

## PROBABLE CAUSE

### Background and Search Warrant for DAIGLE's Residence

6.    In the course of an ongoing investigation related to certain China-based entities that are selling unlawful firearm components to customers in the United States, HSI identified a package ordered by DAIGLE from a seller known to be shipping unlawful firearm components, including machinegun conversion devices, into the United States. The package was intercepted by DHS Customs and Border Protection (**CBP**) officials.

7.    Images of the item in the package were provided to experts at the Bureau of Alcohol, Tabacco, and Firearms (**ATF**) Firearms and Ammunition Technology Division, who determined, based on a photo review and on ATF training and experience, that the item depicted appeared to be a chassis frame for a Sig Sauer P320-style pistol, an item that is federally classified as the "frame" of a weapon under 18 U.S.C. § 921(a)(3), and, therefore, as a "firearm" for purposes of 18 U.S.C. § 922. *See id.* Sec. 921(a)(3) (defining a "firearm" as a weapon that can expel a projection with an explosive and "the frame or receiver of any such weapon.").

8.    Investigators also obtained information suggesting that DAIGLE may have ordered and received machinegun conversion devices—components that convert a semi-automatic firearm into a machine gun—from China-based sellers.

9.    Based on this and additional information reflected in the search warrant affidavit, investigators sought a federal search warrant to search the residence and person of DAIGLE. *See* Docket Nos. 26-mj-5200-JGD, 5201-JGD. The Affidavit supporting those search warrants is attached hereto as **Sealed Exhibit 1** and fully incorporated herein.

10.    As reflected in Sealed Exhibit 1, in March of 2023, DAIGLE was charged by Indictment with five firearm-related offenses: one count of conspiracy to make false statements in records required by a federal firearms licensee in violation of 18 U.S.C. § 371; one count of making false statements in such records in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2; one count of trafficking in firearms in violation of 18 U.S.C. § 933(a)(1); one count of unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o); and one count of receipt or possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). *See* Sealed Exhibit 1 ¶ 28. He pled guilty to all five counts on August 20, 2024. *Id.* ¶ 29. He was sentenced to two years imprisonment, and ordered to forfeit multiple firearms and firearm components, including a machine gun barrel and receiver, machine gun bolt, a rifle equipped with a machine gun conversion device, a machine gun without a serial number, and two machine gun conversion devices. *Id.* ¶ 29-30.

11.    DAIGLE was released from prison to a halfway house in or around February of this year, and lived at the halfway house through on or about April 6, 2026. On or about April 6, he was released from Bureau of Prisons custody and moved into his residence in Revere. *See id.* ¶¶ 31-32. DAIGLE is currently on supervised release. *Id.* ¶ 33.

12.    Pursuant to the present investigation into DAIGLE's activity since his release from prison, on June 25, 2026, HSI agents and other law enforcement officials executed federal warrants (26-mj-5200-JGD; 26-mj-5201-JGD) to search DAIGLE's person and residence at 18 Proctor Ave., Apt. 2, Revere, Massachusetts for evidence, fruits, and instrumentalities of violations of

3

18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. § 922(a)(3), unlawful transportation into or receive in Massachusetts of a firearm purchased outside of the state); 18 U.S.C. § 922(g) (felon in possession of a firearm or ammunition); and 18 U.S.C. § 922(o) (unlawful possession of a machine gun).

### Search of DAIGLE's Residence, Identification of Firearms and Ammunition in DAIGLE's Possession

13.    At approximately 6:30 A.M. on June 25, 2026, agents encountered DAIGLE outside of his residence as he was approaching a vehicle driven by his father. Agents informed DAIGLE of the search warrants to search his person and residence.

14.    Agents then conducted a search of DAIGLE's residence pursuant to the warrant. During the search of DAIGLE's bedroom,[1] agents located a firearm underneath DAIGLE's mattress and between his mattress and box spring. Agents' preliminary review of the firearm determined that it is a .357 caliber magnum revolver, with serial number AEK746953. The barrel of the firearm is stamped "Taurus Armas Made in Brazil," and another component is stamped "Taurus INT. MFG, Bainbridge, GA[.]" Images of the firearm are below:



---

[1] As reflected below, agents interviewed the other two individuals who live in the apartment, who identified DAIGLE's bedroom.

*.357 magnum revolver located under DAIGLE's mattress*

15.     In a cabinet located in DAIGLE's bedroom, agents located multiple boxes of ammunition. For example, agents located a box of commercially manufactured ammunition from Ammo Incorporated with 20 cartridges of ammunition. Based on my training and experience, and based upon consultations with other agents, I know that no commercially manufactured ammunition is produced in the Commonwealth of Massachusetts.  Photos of the box including the ammunition, and a close-up photo of the stamped ammunition, are included below:

 

*Full box of ammunition located in DAIGLE's closet*

16.     Two individuals believed to be DAIGLE's relatives—M.K. and N.K.—reside with DAIGLE in Apartment 2 at 18 Proctor Ave., Revere, MA. M.K. and N.K. were interviewed by agents during the course of the search of the residence. Both M.K. and N.K. stated that they did not own any firearms or ammunition. Further, both M.K. and N.K. identified a cabinet in the apartment that they did not use and that was exclusively used by DAIGLE. Agents located ammunition in that cabinet. When asked about the revolver pictured above, both M.K. and N.K. stated that they did not own the revolver and both expressed surprise that the revolver had been found in the apartment.

26-mj-5211-JGD

17.     During the search, agents located at least 8 firearms, approximately over 100 rounds of ammunition, and additional firearm components.[2] Three of the firearms were located in DAIGLE's bedroom, and the remaining firearms were in other locations throughout the residence. Some of the ammunition was located in DAIGLE's bedroom, and some was located in the cabinet that M.K. and N.K. identified as being used exclusively by DAIGLE.

## CONCLUSION

18.     Based on all of the foregoing, I submit that there is probable cause to believe that on or about June 25, 2026, Cory DAIGLE, knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

Adam Rayho, Special Agent
Homeland Security Investigations

Sworn via telephone in accordance with Fed. R. Crim. P. 4.1

On June ___, 2026 **Jun 25, 2026**

HONORABLE JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE

---

[2] Agents are continuing to examine the items identified during the search, including reviewing the ammunition seized and analyzing additional firearm components, near-complete or complete-firearms, and other items to determine whether those items constitute additional firearms among the components that they have found.